**IN THE UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT
TEXAS HOUSTON DIVISION**

| | | |
|---|---|---|
| HENRY THIGPEN, *ET. AL.* § | | |
| *Plaintiffs* § | | |
| § | | |
| v. § | | |
| § | | |
| THE GEO GROUP, INC., § | CIVIL ACTION NO. 4:19-CV-02773 | |
| GEO REENTRY, INC., GEO REENTRY § | | |
| SERVICES, LLC., MUNICIPAL § | | |
| CORRECTIONS FINANCE LP., § | JURY TRIAL REQUESTED | |
| CORNELL CORRECTIONS OF TEXAS, INC., § | | |
| CORNELL CORRECTIONS MANAGEMENT, § | | |
| LLC., and STEVEN BLANCHARD, § | | |
| Individually, and/or JOHN DOE. § | | |
| *Defendants* § | | |

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, HENRY THIGPEN, and the additional Plaintiffs listed in Paragraph I, below, hereinafter collectively called "Plaintiffs", complaining of THE GEO GROUP, INC., GEO REENTRY, INC., and GEO REENTRY SERVICES, LLC, and MUNCIPAL CORRECTIONS FINANCE LP, and CORNELL CORRECTIONS OF TEXAS, INC., and CORNELL CORRECTIONS MANAGEMENT, LLC., STEVEN BLANCHARD, and/or JOHN DOE, and hereinafter sometimes collectively called "Defendants" and will show:

**I. PLAINTIFFS**

1. The following Plaintiffs are individual residents of Harris County, Texas:

Adams, Charles; Allen, Johnelle; Anderson, Alan Dale; Anderson, Lloyd Edward; Apolinar, Rogelio; Ardrey, Robert; Arlington, Pitte; Arriaga, Raymond; Bagby, Cedric W; Bardo II, Charles F; Beaver, Morris D; Bellotte, Ernest; Blackshear, Weldon; Block, Thomas H; Borrego,

1

Tony; Bowie, Douglas N; Boyd, Davis L; Brady, Reginald; Branch, Jesse Jr.; Brimsey, John; Bui, Hoai; Burton, Harry Robert; Burns, Sammie; Caldwell, Ronald; Campos, Juan; Cantwell, Lee; Carr, Eric W; Carraway, Deforiest; Casey, Zimman; Coke, Anthony; Coleman, Lawrence; Crawford, Everett; Criss, Craig Anthony; Cross, Kendrick; Daniel, Lonnie; Daniel, Richard; Davis, Donald; Davis, Phillip; Davis, Richard; Delgado, Benjamin; Dent, Johnnie; Doyle, Joseph; Drewry, Horace N; Dykes, James; Durden, Leo II; Durden, Ronald; DuRousseau, Clyde; Equia, Hipolito; Everage, Bradley; Everitt, Randy; Falcone, David Daniel; Farmer, Louis Oliver; Fondren, Michael; Galentine, Dwain; Gann, Gordon; Garcia, Dominic R; Garcia, Gabriel; Garcia, Rudolph; Garrett, Eddie R; Garrick, Byron Christopher; Garza, Julian; Gee, Wilson; Gentry, Arnold; George, Freddie A; Gilbert, Marion Anthony; Gilpin, Dwayne; Goleman, Lawrence; Gomez, Michael L; Gonzales, Albert Ramirez; Gonzalez, David; Gonzales, Ronnie; Goodeau, Anthony; Green, Noble L; Griffin, James; Grines, Daniel E; Hair, James; Hammers, Gregory; Harris, Michael M; Hawkins, David L; Hayes, Reginald; Henderson, Chester; Henderson, Gregory; Henry, James; Higgins, George; Hinojosa, Cruz Joaquin; Hodges, Kenneth; Holland, Jordan; House, Gregory D; Hull, Erik; Jackson, Luckes; Jackson, Patrick D; Jimmy, Stewart; Johnson, Anthony A; Johnson, Sean; Jones, Issac R; Jones, Kevin; Joseph, Manuel; Keith, Roger Dale; Kendrick, Daniel; Kindelan, Alcides; King, Steven; Kittrell, Quillis; Lacefield, Curtis; Laird, Don Melton; Larsen, Brett; Laundry, David; Lawson, Jonathon; Lavan, Eugene; Lazaro, Perez; Ledesma, Jesse J; Lee, Bobby; Lee, Gentry A; Johnson, Anthony; Lowe, Ricky; Lozano, Jesse; Luna, Joe; Maddoux, James; Martin, David L; Martinez, Jesus Jesse; Martinez, Sergio; Martinez, Steven; McBurnett, Fred; McCarty, Randy A; McClure, Joseph; McCullough, Samuel; McDowell, Derrell Wayne; McWilliams, Randy Edwards; McPowell, Derrell; Mena, Diego; Mike, Donald R; Miller, Gerald Lynn; Miller, Willie; Milligan, Mark;

2

Millines, Wilbert J Jr.; Montgomery, Billy; Morris, Joseph; Mortensen, Bruce H; Moya, Michael; Murry, Richard; Myers, Herbert L; Nealy, Joseph; Nealy, Timothy; Newman, Richard; Newton, Mark E; Noratmacfie, Arnold; Norris, Alphonse; Olinger, Jeremy Sean; Parker, Arnold R; Patterson, Charles; Payne, Joseph; Penny, Mark Bradley; Pena, Roberto; Perez, Lazaro; Phelps, Trevor; Pickett, Christopher L; Pittie, Arlington; Pleasant, Barry; Poehls, Ricky; Poutler, Michael; Price, Devin; Rash, Lenny; Ray, Ricky; Reece, Thomas; Reynolds, Thomas; Roberson, James A; Robinson, Alonzo; Rodriguez, Alberto; Rodriguez, Daniel; Rodriguez, Luis; Rodriguez, Raymond; Rosa, Clifford; Ross, Steven S., Sanchez, Mario; Sandoval, Ernesto; Sanders, Joseph; Sellers, Michael Lee; Shelby, Thomas E; Sherman, Taylor; Shinkewicz, Michael James; Smith, Lewis; Soloman, Daniel; Sotomayor, Rafael; Spelman, Tommy; Spence, Charles E; Stewart, Damion T; Stewart, Jimmy L; Taylor, Sherman R; Thigpen, Henry; Thomason, Michael; Thompson, Russell; Thurman, Randall; Turk, Howard Edward; Turner, Edgar; Urbina, Roger; Vasquez, Ricardo; Walker, Carl Edwards; Walker, David O; Weller, Gunther; White, Leonard Jr.; Whittenburg, John C; Williams, Aaron Jerome; Williams, Billy R; Williams, Erving; Williams, Jeremy; Williams, Johnny R; Wilson, Loren M; Woods, Kenneth W; Wright, Darrell T; Pharris, Roger, W.

## II. DEFENDANTS

2. The GEO Group, Inc is a foreign entity doing business in Texas and may be served on its registered agent Corporate Creations Network Inc., 5444 Westheimer #1000, Houston, Texas 77056.

3. Defendant GEO Reentry, Inc. and dba GEO Reentry Services and dba GEO Reentry Services, Inc. and dba Southeast Texas Transitional Center ("STTC") and dba Cornell Corrections of Texas, Inc. and dba Cornell Corrections Management, LLC is a foreign entity

doing business in Texas. They have appeared herein.

4. Defendant GEO Reentry Services, LLC and dba GEO Reentry Services and dba GEO Reentry Services, Inc. and dba Southeast Texas Transitional Center ("STTC") and dba Cornell Corrections of Texas, Inc. and dba Cornell Corrections Management, LLC is a foreign entity doing business in Texas. They have appeared herein.

5. Defendant Municipal Corrections Finance LP dba Southeast Texas Transitional Center ("STTC") is a foreign entity doing business in Texas and has been served on its registered agent Corporate Creations Network Inc., 5444 Westheimer, No. 1000, Houston, Texas 77056.

6. Defendant Cornell Corrections of Texas, Inc. dba GEO Reentry, Inc. and dba GEO Reentry Services and dba GEO Reentry Services, Inc. and dba Southeast Texas Transitional Center ("STTC") and dba Cornell Corrections Management, LLC is a foreign corporation based in Texas and has been served on its registered agent at 5444 Westheimer, No. 1000, Houston, Texas 77056..

7. Defendant Cornell Corrections Management, LLC dba GEO Reentry, Inc. and dba GEO Reentry Services and dba GEO Reentry Services, Inc. and dba Southeast Texas Transitional Center ("STTC") and dba Cornell Corrections of Texas, Inc. is a foreign entity doing business in Texas and has been served on its registered agent at 5444 Westheimer, No 1000, Houston, Texas 77056.

8. Defendant Steven Blanchard is an individual resident of Orange County, Texas, and may be served at his home address of 309 Paula Ave, Bridge City, Texas, 77811-3327, or wherever he may be found and upon whomever may legally accept service on his behalf.

9. In the alternative, if Steven Blanchard was not the Director at STTC when the events giving rise to this lawsuit occurred, Plaintiffs designate "John Doe"; the director of STTC at the

4

time of the incidents complained of herein, who is a Texas resident, and is sued in his individual capacity and may be served at a later time once his/her identity is uncovered.

### III. JURISDICTION/VENUE

10. This Court has jurisdiction over this matter.  Venue properly lies in Harris County, Texas, the County in which the injuries occurred and Plaintiffs' cause of action accrued and where one or more of the Defendants reside.

### IV. FACTS

11. On or about August 24, 2017, and in the days prior thereto, Plaintiffs were residents at the Southeast Texas Transitional Center ("STTC"), a facility run by GEO Reentry Services, and the other corporate Defendants listed herein.  These corporate Defendants are sometimes hereinafter collectively called "GEO".  GEO is a large national company that owns and/ or operates a huge chain of private prisons, as well as halfway houses for parolees.  Defendant Municipal Corrections Finance LP owns the land and buildings at the aforementioned facility, STTC. On information and belief,  Defendant Steven Blanchard is the Senior Facility Director of STTC. Defendant Steven Blanchard is responsible for all policy, staff, and every aspect of the daily administration and operation of the STTC.  The STTC is contracted to the State of Texas to provide housing, supervision and, care to Plaintiffs.   Defendants had contracted with the Texas Department of Criminal Justice ("TDCJ") therefore, but by statute do not enjoy sovereign immunity. Plaintiffs had fully completed their prison terms, had repaid their debt to society, and were earnestly attempting to find jobs and reenter society as productive members. Defendants were charged with helping them do that—but completely and utterly failed them during Hurricane Harvey. Despite accurate weather forecasting, warnings by governmental entities, and amid massive preparations by other citizens of Harris County and surrounding areas for the

5

impending, virtually certain, massive assault of Hurricane Harvey, the Defendants abandoned nearly 500 residents of said STTC located at 10950 Beaumont Hwy., Houston, Texas 77078 , to fend for themselves, without food, clean water, medical care or needed prescription drugs, supervision, security, or any other minimally sufficient preparations.  The Plaintiffs were trapped in the flooded facility, with few or no agents or employees of Defendants (which had previously fled).  The STTC facility is located between a landfill and a hazardous waste processing and cleaning facility, all of which flooded and subjected Plaintiffs of up to waist-high water filled with the filth and toxins from the surrounding landfill and toxic waste facility. Plaintiffs were precluded from leaving the premises because it would be a violation of their parole, and they were advised by the Texas Department of Corrections and by Defendants, that if they did leave they would be subject to a "blue warrant", potentially sending them back to prison. Defendants were thus presented with a Hobson's choice of either remaining on the premises in its flooded condition, with no food, water, medicine, security and other severe health challenging conditions, as versus leaving the facility and thereby risking their freedom and return to prison for a parole violation. Plaintiffs were nearly starved, were dehydrated and incurred rashes, infections and other injuries from the toxic flood waters. Many residents had preexisting mental and physical disabilities and medical conditions that required medication and medical monitoring –none of which was available, and which caused severe mental and physical distress. All security monitors left their posts, and the front gate was left wide open, subjecting the Plaintiffs and others to potential personal security risks.

    12. On late Tuesday night, August 29th, 2017, after four days of barbaric conditions, after the flood waters had subsided, the Texas Department of Criminal Justice sent buses and loaded the residents, at gunpoint, and took them to various TDCJ facilities. They were forced to

abandon all their personal possessions, most of which were irretrievably lost. They suffered further indignities, humiliation and health challenging conditions thereafter, but these outrages were committed by the sovereign immunity protected TDCJ personnel and system.

## V. NEGLIGENCE

13. Defendants were negligent and violated the standard of the reasonable transitional center owner and operator due to the actions and omissions of their agents and employees acting in the course and scope of their employment.

14. Defendants also have direct negligence as set out below for failure to have in place policies and procedures to prevent these types of occurrences; failing to have sufficient fellow workers and failing to properly supervise their agents and employees in the course of their duties.

15. These are acts of direct negligence; the "premises" tort law factors do not apply, thus lessening the burden on the Plaintiff.

The following acts and omissions proximately caused the harm to Plaintiffs:

1. Failure to adequately feed,
2. Failure to supply clean water for bathing and/or drinking,
3. Failure to provide security monitors; failure to protect residents from potential resident-on-resident crime,
4. Failure to safeguard personal belongings of residents,
5. Failure to provide medical treatment, including, but not limited to that for the mentally ill, handicapped, diabetic, and to provide other needed medications and to treat the conditions of skin rashes, cuts, infections and dehydration caused by the flooding,
6. Failure to implement the Hurricane Plan, as promised in the official policy handbook,

7. Failure to take reasonable steps to avoid residents breaching parole; by trapping them inside, without adequate food or water, and in knee to waist high water with the security gates open, under threat of "blue warrant" revocation of parole, if they left the premises; which gave residents a "Hobson choice" of surviving or going back to prison,

8. Failure to safeguard residents from exposure to chemicals/toxins from the adjoining landfill and/or from the immediately adjoining hazardous material storage, transportation and cleaning companies,

9. Failure to evacuate, with knowledge of previous flooding and the virtual certainty of flooding during Harvey, and

10. Failure to safeguard public by manning security gate or securing perimeter.

## VI. STEVEN BLANCHARD AND/OR JOHN DOE NEGLIGENCE

16. Defendant Steven Blanchard, and/or John Doe, was negligent and violated the standard of the reasonable transitional center operator due to his actions and the actions and omissions of STTC's agents and employees acting in the course and scope of their employment.

17. Defendant Steven Blanchard, and/or John Doe, also has direct negligence for failure to have in place policies and procedures to prevent these types of occurrences; failing to have sufficient fellow workers and failing to properly supervise their agents and employees in the course of their duties.

18. Plaintiffs incorporate all the allegations of negligence set out in the previous Paragraph V as applicable to the said individual Defendant as it fully set out.

## VII. PREMISES CLAIM

19. In the alternative, Defendants' conduct, and that of its agents, servants, and

employees, acting within the scope of their employment, constituted a breach of the duty of ordinary care owed by Defendants to Plaintiffs. Defendant knew or should have known that a condition on the premises created an unreasonable risk of harm to invitees in that Defendants knew or should have known of the likelihood of an injury such as Plaintiffs suffered, to warn thereof and of the other acts of negligence set out in Paragraph V, above. Defendants knew or should have known that its conditions on its premises created an unreasonable risk of harm to invitees because Defendants created, allowed and/or failed to prevent said conditions. Defendants knew these conditions caused an unreasonable risk of harm to invitees such as the Plaintiffs, who had to live in said environment. Defendants failed to exercise ordinary care to reduce or eliminate this risk, or to warn invitees regarding the above dangers. Each of these acts and omissions, whether taken singularly or in any combination, were a proximate cause of Plaintiffs' injuries and damages as described below.

## VIII. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

20. In the alterative, Defendants' conduct, and that of their agents, servants and employees, while acting within the scope of their employment, was intentional and/or reckless, constituting both extreme and outrageous conduct, which is the proximate cause of Plaintiffs' severe emotional distress. Defendants' intentional and/or reckless conduct resulted in Plaintiffs being trapped at the Southeast Texas Transitional Center during Hurricane Harvey and the subsequent flooding of same for at least four days. During the duration of Plaintiffs four-day ordeal, and beyond, Plaintiffs suffered and/or still suffer from severe emotional distress.

## IX. PUNITIVE DAMAGES

21. The acts and omissions enumerated above, by a clear and convincing evidence standard, caused the harm to Plaintiffs and resulted from gross negligence attributable to the

Defendants.

22. When viewed objectively from the standpoint of Defendants at the time of its occurrence, their above acts and omissions involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and Defendant had actual, subjective awareness of the risks involved, but nevertheless preceded with conscious indifference to the rights, safety, or welfare of others.

23. Further, Defendants authorized the doing and the manner of said acts and omissions, or their agents or employees were unfit and Defendants were reckless in employing them, or their culpable agents or employees were employed in a managerial capacity and were acting in the scope of employment, or Defendants and/or a vice-principal and/or a manager of Defendants ratified or approved the said acts and omissions.

24. As a result of said gross negligence, Plaintiffs are entitled punitive damages allowed by law.

## X. DAMAGES TO THE PLAINTIFFS

25. Plaintiffs will respectfully request the Court and Jury to determine the amount of loss Plaintiffs have incurred and will incur in the future not only from a financial standpoint but also in terms of good health and freedom from pain and worry. There are certain elements of damages provided by law that Plaintiffs are entitled to have the jury in this case consider separately to determine the sum of money for each element that will fairly and reasonably compensate Plaintiffs for the injuries, damages and losses incurred from the date of the accident in question until the time of trial of this case. Those elements of damages are as follows:

1. The physical pain that the Plaintiffs have suffered from the date of the occurrence in question up to the time of trial, and will in reasonable probability suffer in the future;

2. The mental anguish that the Plaintiffs have suffered from the date of the occurrence in question up to the time of trial and will in reasonable probability suffer in the future;

3. The amount of reasonable medical expenses necessarily incurred in the treatment of Plaintiffs' injuries from the date of the accident in question up to the time of trial and will in reasonable probability suffer in the future;

4. The loss and/or reduction of earnings and/or earning capacity sustained by Plaintiffs from the date of the occurrence in question up to the time of trial and will in reasonable probability suffer in the future;

5. The physical impairment which Plaintiffs have suffered from the date of the occurrence in question up to the time of trial and will in reasonable probability suffer in the future;

6. Disfigurement of Plaintiffs' bodies up to the time of trial and that they will in reasonable probability suffer in the future;

7. For the loss of Plaintiffs' personal property, Plaintiffs claim the replacement and/or actual/intrinsic value damages, in addition to sentimental value damages, which is the reasonable special value to each Plaintiff.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon final hearing hereof, Plaintiffs recover judgment against Defendants, jointly and severally, for their fair and just damages to which they are entitled, plus punitive damages, together with costs, pre-judgment and post-judgment interest and such other and further relief to which Plaintiffs may be justly entitled, at law or in equity.

Respectfully submitted,

LAW OFFICES OF SCOTT ARNOLD, P.C.

___*/s/ Scott Arnold*_____
Scott Arnold, P.C.
310 Main, Suite 200
Houston, Texas 77002
Tel: (713) 227-6653
Fax: (713) 227-6654
FBN: 7797
State Bar No. 01345470
Email: scott@scottarnoldpc.com

ATTORNEY FOR PLAINTIFFS


LAW OFFICES OF MAVERICK RAY

*/s/ Matthew Marzak*_____
Maverick Ray
FBN: 2033033
State Bar No. 24080451
Matthew M. Marzak
FBN: 3060761
State Bar No. 24098048
310 Main, Suite 300
Houston, Texas 77002
Tel: (281) 947-2007
Fax: (713) 714-2225
Email: maverickraylaw@gmail.com

ATTORNEY FOR PLAINTIFFS

CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the above, Plaintiffs' First Amended Complaint, was served on below listed counsel via CM/ECF PACER electrical filing and service system on the 14th day of August 2019.

Tim Flocos
State Bar No. 24033697
TIM FLOCOS ATTORNEY AT LAW
1411 West Ave., Suite 200
Austin, Texas 78701
Tel: 512-467-6076
Email: tim@timflocos.com
ATTORNEY FOR DEFENDANTS


Shawn Fitzpatrick
Texas Bar No. 00787474
FITXPATRICK & KOSANOVICH, P.C.
P.O. Box 831121
San Antonio, Texas 78283-1121
Tel: 210-408-6793
Email skf@fitzkooslaw.com
ATTORNEY FOR DEFENDANTS

                                                                                          /s/ Scott Arnold
                                                                                          Scott Arnold