United States District Court
Southern District of Texas
**ENTERED**
February 12, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HENRY THIGPEN, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-19-2773 |
| | § | |
| GEO REENTRY, INC., et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the court[1] are Plaintiffs' Motion to Modify
Rule 4(m) Time Limit (Doc. 39) and Plaintiffs' Motion to Reconsider
(Doc. 40).  The court has considered the motions, the responses,
all other relevant filings, and the applicable law.  For the
reasons set forth below, the court **ORDERS** that the motion to modify
is **GRANTED IN PART AND DENIED IN PART,** and the motion to reconsider
is **GRANTED.**  Further, the court **RECOMMENDS** that this lawsuit be
remanded to state court.

## I.  Case Background

This lawsuit arises out of Defendants' alleged mistreatment of
Plaintiffs during Hurricane Harvey.

### A.  Factual Background

Plaintiffs allege that on August 24, 2017, they were residents
at the Southeast Texas Transitional Center ("STTC"), a halfway

---

[1]     This case was referred to the undersigned magistrate judge pursuant
to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the
Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  See Doc. 46,
Ord. Dated Dec. 5, 2019.

house facility run by Defendants.[2]  Plaintiffs were required to reside at the STTC as a condition of their paroles.[3]  "Despite accurate weather forecasting, warnings by governmental entities, and amid massive preparation by other citizens of Harris County and surrounding areas for . . . Hurricane Harvey, the Defendants abandoned nearly 500 residents of said STTC[,]" including Plaintiffs.[4]  Plaintiffs were left without food, clean water, medical care, prescription drugs, supervision, security, or other preparations.[5]  "The STTC is located between a landfill and a hazardous waste processing and cleaning facility . . . ."[6]  The STTC, landfill, and hazardous waste facility all flooded during Hurricane Harvey.[7]  As a result, Plaintiffs were subjected to waist-high water that was "filled with the filth and toxins from the surrounding landfill and toxic waste facility."[8]

Despite the horrifying conditions, Plaintiffs were informed by Defendants that if they left the STTC, Defendants would initiate parole revocation proceedings via a "blue warrant," which could result in their reincarceration for the remainder of their parole

---

[2]     See Doc. 7, Pls.' Am. Compl. p. 5.

[3]     See id.

[4]     See id. pp. 5-6.

[5]     See id. p. 6.

[6]     See id.

[7]     See id.

[8]     See id.

terms.[9]  Employees at the STTC left their posts, and the front gate
was  left  wide  open.[10]    Plaintiffs  were  abandoned  in  these
aforementioned "barbaric" conditions for four days before being
picked up by buses, at gunpoint, and taken to Texas Department of
Criminal Justice facilities.[11]

## B.  **Procedural Background**

Plaintiffs filed this lawsuit in state court on July 26, 2019,
against five corporate entities and one individual.[12]   Plaintiffs
named Steven Blanchard ("Blanchard") as a defendant, believing him
to be the STTC Facility Director during the relevant time period.[13]
On July 27, 2019, Defendant GEO Reentry, Inc., removed the lawsuit
to this court on the basis of diversity jurisdiction as Blanchard,
a Texas resident, had not been served.[14]   On August 14, 2019,
Plaintiffs filed their first amended complaint, naming Blanchard as
a defendant as well as a John Doe in the event that Blanchard was
not the STTC Facility Director during the relevant time period.[15]

On August 16, 2019, Plaintiffs filed a motion to remand.[16]  On

---

[9]     See id.

[10]    See id.

[11]    See id.

[12]    See Doc. 1, Ex. A to Defs.' Not. of Removal, Pls.' Orig. Pet.

[13]    See id. p. 5.

[14]    See Doc. 1, Defs.' Not. of Removal.

[15]    See Doc. 7, Pls.' 1st Am. Compl. pp. 4-5.

[16]    See Doc. 9, Pls.' Mot. to Remand.

September 6, 2019, Defendants filed a response to Plaintiffs' motion to remand.[17] On September 20, 2019, Plaintiffs filed a reply in support of their motion to remand.[18]  On October 1, 2019, Defendants filed a surreply to Plaintiffs' motion to remand.[19]  On October 16, 2019, the court granted Plaintiffs leave to file a second amended complaint.[20]  In response, on October 21, 2019, Defendants filed an emergency motion asking that the October 16 order be withdrawn.[21]  Two days later, on October 23, 2019, the court withdrew its October 16, 2019 Order, denied Plaintiffs' motion to remand, and granted Defendants leave to file an amended notice of removal.[22]

On November 6, 2019, Plaintiffs filed their pending motion to reconsider the court's October 23, 2019 Order.[23]  On the same day, Plaintiffs filed their pending motion to modify the Rule 4(m) deadline.[24]  On November 27, 2019, Defendants filed responses to

---

[17]   See Doc. 20, Defs.' Resp. to Pls.' Mot. to Remand.

[18]   See Doc. 21, Pls.' Reply in Support of Mot. to Remand.

[19]   See Doc. 25, Defs.' Surreply to Pls.' Mot. to Remand.

[20]   See Doc. 33, Ord. Dated Oct. 16, 2019.

[21]   See Doc. 34, Defs.' Emergency Mot.

[22]   See Doc. 35, Ord. Dated Oct. 23, 2019.

[23]   See Doc. 40, Pls.' Mot. to Remand.

[24]   See Doc. 39, Pls.' Mot. to Modify.

both pending motions.[25]

## II. Analysis

Plaintiffs seek reconsideration of the court's October 23, 2019 Order denying Plaintiffs leave to amend and denying Plaintiffs' motion to remand. Defendants argue that the order was proper and should not be reconsidered.

### A.    **The STTC Facility Director**

Plaintiffs named Blanchard in their original petition in state court. Plaintiffs have since learned that Blanchard was not on duty at the STTC during the relevant time period because he was on medical leave.[26] Without Blanchard in the lawsuit, there is complete diversity of citizenship. Plaintiffs attempted to discover the name of the person who was the acting STTC Facility Director during the relevant time period.[27] Defendants originally opposed this discovery.[28] However, during a February 5, 2020 hearing, the court was informed that the parties had resolved the discovery issue and that the name of the acting STTC Facility Director during the relevant time period was Santina Anderson ("Anderson"), a Texas resident. Plaintiffs seek leave to substitute Anderson for Blanchard.

---

[25]     See Doc. 44, Defs.' Resp. to Pls.' Mot. to Modify; Doc. 45, Defs.' Resp. to Pls.' Mot. to Remand.

[26]     See id. p. 1.

[27]     See Doc. 26, Pls.' Mot. to Take Disc.

[28]     See Doc. 37, Defs.' Resp. to Pls.' Mot. to Take Disc.

**B.**   **The October 23, 2019 Order**

In the court's October 23, 2019 Order, the court considered whether Anderson, who was at the time unknown, could be joined in this lawsuit, a result which would defeat its diversity jurisdiction.  The question before the court was, primarily, whether Anderson's addition to the lawsuit would be futile.

In Texas, the statute of limitations for tort claims is two years.  <u>See</u> Tex. Civ. Prac. & Rem. Code § 16.002.  The two-year period ended on or about August 24, 2019, without Anderson's being named in the lawsuit.  However, Plaintiffs named Blanchard and a John Doe STTC Facility Director prior to the expiration of the statute of limitations.

Federal Rule of Civil Procedure ("Rule") 15(c) governs whether an amendment to a complaint relates back to the filing date of an earlier complaint, for the purposes of the statute of limitations.  Rule 15(c) is meant to "correct a mistake concerning the identity of the party." <u>Winzer v. Kaufman County</u>, 916 F.3d 464, 470 (5th Cir. 2019)(quoting <u>Jacobsen v. Osborne</u>, 133 F.3d 315, 321 (5th Cir. 1998)).  However, "an amendment to substitute a named party for a John Doe does not relate back under Rule 15(c)." <u>Id.</u> at 471 (internal quotation marks omitted) (quoting <u>Whitt v. Stephens County</u>, 529 F.3d 278, 282–83 (5th Cir. 2008).  On this basis, the court found that to substitute the correct STTC Facility Director (Anderson) for John Doe would be futile because the claims against

6

the facility director would be barred by the statute of limitations.  The court was correct in this determination. However, the court did not consider whether the correct STTC Facility Director (Anderson) could be substituted for Blanchard and whether the claims against Anderson would relate back to when the claims were filed against Blanchard.  The court now considers this issue.

## C.  **Rule 15(c) Relation Back**

Rule 15(c)(1)(C) would permit a party to be substituted and have the claims relate back to when they were filed under the following circumstances:

> [a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Rule 15(c)(1)(B) provides that the amendment must assert a claim that arose out of the conduct set out or attempted to be set out in the original pleading.  Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action . . . or order that service be made within a specified time. But if the plaintiff shows

good cause for the failure, the court must extend the time for service . . . ."  As a preliminary matter, Plaintiffs wish to simply substitute Anderson for Blanchard without changing the allegations.  Thus, Rule 15(c)(1)(B) is satisfied.

In <u>Jacobsen v. Osborne</u>, the Fifth Circuit considered a situation similar to the present lawsuit.  <u>Jacobsen</u>, 133 F.3d 315 (5th Cir. 1998).  Jacobsen was arrested and allegedly physically abused by New Orleans police after inquiring about certain aspects of his brother's arrest.  <u>See</u> <u>id.</u> at 317.  Within the limitations period, Jacobsen filed a lawsuit against Officer Osborne and "Deputy John Doe an unnamed deputy employed by the Orleans Parish Criminal Sheriff . . . ."  <u>Id.</u>  Jacobsen also filed claims against the City of New Orleans.  <u>Id.</u>  Officer Osborne moved for dismissal because he was not the arresting officer.  <u>Id.</u>

After the statute of limitations had passed, Jacobsen moved to amend his complaint to add the correct officers and deputies as defendants.  <u>Id.</u>  The lower court denied Jacobsen's request to amend his pleadings because the amendment would not relate back under Rule 15(c) as the new officers had not received notice.  <u>Id.</u> at 317-18.

The Fifth Circuit found that there was sufficient notice to the new officers under Rule 15(c)(1)(C) because there was sufficient "identity of interest" between the new officers, Officer Osborne, and the City to infer notice.  <u>Id.</u> at 321.  The Fifth

8

Circuit found that the situation was exactly that at which Rule 15(c)(3) was aimed, the misidentification of a defendant.  Id. Accordingly, the Fifth Circuit found that Jacobsen's amendment to substitute the new officers for Officer Osborne related back to the original filing.  Id.  The Fifth Circuit also found that the plaintiff's amendment to add deputies to replace "Deputy John Doe" did not relate back because the plaintiff had not misidentified a party, but rather, had no knowledge of the proper party.  Id. at 321-22.

Here, Plaintiffs incorrectly named Blanchard as the STTC Facility Director at the time of the incident.  Subsequently, after learning that Blanchard was on medical leave during the relevant time period, Plaintiffs amended their complaint to add a John Doe STTC Facility Director.  In Plaintiffs' original motion for leave to amend, they mistakenly sought to replace John Doe with Anderson. Defendants correctly argued that substitution for a John Doe does not relate back under Rule 15(c).  However, Plaintiffs never had the opportunity to respond to this argument because the motion for leave was granted on the day of Defendants' response, and that order was withdrawn two days after Defendants' emergency motion. Had Plaintiffs been given time to respond, they could have argued, as they do now, that they wished to replace Blanchard as permitted by Rule 15(c)(1)(C).

From the date this lawsuit was filed, Plaintiffs have sought

to name as a defendant the STTC Facility Director during the relevant time period. Plaintiffs believed that person was Blanchard, but, because Blanchard had been on medical leave, the acting STTC Facility Director was Anderson. Just like in <u>Jacobsen</u>, this is a case of a misidentified defendant, not an unknown defendant. Thus, Rule 15(c) is applicable if its notice and knowledge provisions are met.

Rule 15(c) notice is inferred to the new defendant if she is "so closely related in [her] business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." <u>Jacobsen</u>, 133 F.3d at 320 (quoting <u>Kirk v. Cronvich</u>, 629 F.2d 404, 408 n.4 (5th Cir. 1980)). It appears undisputed that the STTC Facility Director "is responsible for all policy, staff, and every aspect of the daily administration and operation of the STTC."[29] The business entities that employ Anderson were originally named in this lawsuit, as well as Blanchard, for whom Anderson was acting due to Blanchard's medical leave. It strains credibility that Anderson did not become aware of the present lawsuit almost immediately upon its filing, within Rule 4(m)'s time limit. Because Blanchard was sued based on his position as STTC Facility Director and the events that occurred during and in the aftermath of Hurricane Harvey, Anderson would

---

[29]    <u>See</u> Doc. 1, Ex. A to Defs.' Not. of Removal, Orig. Pet. p. 5; <u>see also</u> Doc. 45, Defs.' Resp. to Pls.' Mot. to Reconsider p. 8 ("There is no dispute that the STTC Facility Director has ultimate responsibility for the management of the facility.").

know that, but for the mistake in identity, Plaintiffs intended to sue her.

For these reasons, Rule 15(c) applies, and claims against Anderson would relate back to when they were filed against Blanchard.  Thus, an amendment to add Anderson as a Defendant is not futile based on the statute of limitations.

## D.    __Alternative Futility__

Defendants argue that, regardless of Rule 15(c)'s applicability, Plaintiffs' currently-pled claims will not be viable against Anderson if she is added as a party because joinder is improper.

Improper joinder "may be established by showing (1) actual fraud in the pleadings or (2) the 'inability of the plaintiff to establish a cause of action against the nondiverse party in state court.'"  <u>Cumpian v. Alcoa World Alumina, L.L.C.</u>, 910 F.3d 216, 219 (5th Cir. 2018)(quoting <u>Davidson v. Georgia-Pacific, L.L.C.</u>, 819 F.3d 758, 765 (5th Cir. 2016)).  Thus, the court must consider whether the causes of action pled against Blanchard give Plaintiffs a plausible claim against Anderson if she replaces him.  "The court should apply a [Rule] 12(b)(6) standard; if the complaint is sufficient to state a claim, there is no improper joinder."  <u>Id.</u> at 220 (citing <u>Mumfrey v. CVS Pharmacy, Inc.</u>, 719 F.3d 392, 401 (5th Cir. 2013)).

Against Blanchard, Plaintiffs pled negligence, premises

liability, gross negligence, and intentional infliction of emotional distress ("IIED"). Defendants argue that: (1) there was no independent duty owed by Anderson as required by Texas law for her to be individually liable on the negligence or gross negligence claims and (2) the IIED claim is superseded by the negligence claims.

In Texas, IIED is a "gap-filler" tort that is not available where other statutory or common law remedies are available. Creditwatch, Inc. v. Jackson, 157 S.W.3d 814, 816 (Tex. 2005). "The tort's clear purpose [is] to supplement existing forms of recovery by providing a cause of action for egregious conduct that might otherwise go unremedied." Hoffmann-La Roche, Inc. v. Zeltwanger, 144 S.W.3d 438, 447 (Tex. 2004)(internal quotation marks omitted)(quoting Standard Fruit and Vegetable Co. v. Johnson, 985 S.W.2d 62, 68 (Tex. 1998)). IIED "has four elements: (1) the defendant acted intentionally or recklessly; (2) [her] conduct was extreme and outrageous; (3) [her] actions caused the plaintiff emotional distress; and (4) the emotional distress was severe. Hersh v. Tatum, 526 S.W.3d 462, 468 (Tex. 2017). Negligence requires a plaintiff to show: "(1) a legal duty owed by one person to another; (2) a breach of that duty; and (3) damage proximately caused by the breach." Gann v. Anheuser-Busch, Inc., 394 S.W.3d 83, 88 (Tex. App.—El Paso 2012, no pet.)(citing IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason, 143 S.W.3d 794, 798

(Tex. 2004)).

There is currently no dispute that Plaintiffs have pled viable negligence claims. Thus, the question for the court is whether those claims adequately address all of Defendants' alleged conduct such that an IIED claim is precluded.

Among Plaintiffs' numerous allegations against Defendants was an allegation that Anderson told Plaintiffs that they must remain in the STTC, despite the life-threatening conditions, or potentially face a return to prison. Without further discovery and factual development the court cannot say whether this factual allegation constitutes IIED, negligence, or both.

Accordingly, the court finds that Plaintiffs have plausibly alleged at least one claim, IIED, against Anderson in her individual capacity. Thus, Anderson's addition as a defendant does not constitute an improper joinder.[30]

### E. Section 1447(e) - The Hensgens Factors

The last step in the court's analysis is consideration of U.S.C. § 1447(e) ("Section 1447(e)"). "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). In Hensgens v. Deere & Co., the Fifth Circuit

---

[30]    The court does not address the other arguments raised on this issue to avoid exercising jurisdiction where it has none.

found that the following factors should be considered when Section 1447(e) is implicated: (1) "the extent to which the purpose of the amendment is to defeat federal jurisdiction[;]" (2) "whether plaintiff has been dilatory in asking for amendment[;]" (3) "whether plaintiff will be significantly injured if amendment is not allowed;" and (4) "any other factors bearing on the equities." 833 F.2d 1179, 1182 (5th Cir. 1987).

### 1.   Purpose of the Amendment

Plaintiffs have sought to hold the STTC Facility Director responsible for their confinement at the flooded facility since they filed their lawsuit.   The court weighs this factor in Plaintiffs' favor.

### 2.   Plaintiffs' Diligence

Plaintiffs originally attempted to name the acting STTC Facility Director, but incorrectly named Blanchard.  Upon learning this, Plaintiffs amended their complaint to include a John Doe. While this amendment was legally ill-advised and resulted in confusion, it shows that Plaintiffs wished to amend their complaint immediately to name whoever was the acting STTC Facility Director during the incident.  Plaintiffs also sought discovery of the name of the acting STTC Facility Director.  Defendants opposed this discovery, further stalling amendment.  Plaintiffs sought leave to amend their complaint to add the acting STTC Facility Director. Plaintiffs diligently pursued the addition of Anderson to this

14

lawsuit after they learned that Blanchard was not the STTC Facility Director during Hurricane Harvey. That Defendants have hidden Anderson's identity from Plaintiffs should not militate against a finding that Plaintiffs acted diligently. The court finds that this factor weighs in Plaintiffs' favor.

### 3. Plaintiffs' Injuries

If Plaintiffs are not allowed to amend their complaint, they will not be able to pursue legal action against Anderson. To the extent Anderson was personally involved in the conduct giving rise to this lawsuit, Plaintiffs will be unable to hold her personally accountable. However, there is nothing before the court to show that Anderson's presence will add to their potential financial recovery. The court finds that this factor does not weigh in Plaintiffs' or Defendants' favor.

### 4. Other Factors

This case is in its infancy and there would be little, if any, harm done by its being remanded to state court following Anderson's addition to the lawsuit. Additionally, Defendants removed this lawsuit to this court one day after it was filed, and concealed Anderson's identity from Plaintiffs until after limitations had expired. While accusing Plaintiffs of seeking to add the STTC Facility Director to the lawsuit only to destroy diversity, Defendants have also taken actions to maintain diversity jurisdiction.

The court finds that the <u>Hensgens</u> factors weigh in favor of granting Plaintiffs' motion for reconsideration and allowing Anderson to be substituted for Blanchard in this lawsuit.

**F.    Motion to Extend Rule 4(m)**

Plaintiffs ask that the court extend the Rule 4(m) deadline by 90 days.  As discussed above, the Rule 4(m) deadline must be extended where there is good cause.  In accordance with the above ruling, Plaintiffs need to serve Anderson, whose identity only recently became known to Plaintiffs.  Thus, the court finds that there is good cause to extend the Rule 4(m) deadline.  It is hereby **ORDERED** that the Rule 4(m) deadline be extended to forty-five days from the date this Memorandum, Recommendation, and Order is signed.

**G.    Remand**

The parties are in agreement that Anderson's addition to this lawsuit destroys the court's diversity jurisdiction.  It is therefore recommended that this lawsuit be remanded to state court.

### III.  Conclusion

Based on the foregoing, Plaintiffs' Motion to Modify Rule 4(m) Time Limit is **GRANTED IN PART AND DENIED IN PART,** and Plaintiffs' Motion to Reconsider is **GRANTED.**  It is **ORDERED** that an amended complaint be filed within ten days of today's date.  It is further **ORDERED** that Plaintiffs serve Anderson with process within forty-five days of today's date.  Finally, the court **RECOMMENDS** that this lawsuit be **REMANDED** to state court.

16

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically.  Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 12th day of February, 2020.

Nancy K. Johnson
United States Magistrate Judge

17